IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL ANGEL SANCHEZ-ISLAS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-6185 |
| | : | |
| J.L. JAMISON, Warden, Federal Detention Center, Philadelphia, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **August 25, 2026**

Petitioner Miguel Angel Sanchez-Islas brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2) is unlawful. Because § 1225(b)(2) does not apply to noncitizens like Mr. Sanchez-Islas who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Miguel Angel Sanchez-Islas is a noncitizen who entered the United States sometime in 2023. Pet. ¶¶ 1, 18, Dkt. No. 1. Since his arrival, Mr. Sanchez-Islas has resided in Delaware where he has maintained steady employment in the landscaping industry. *Id.* ¶¶ 1, 19-20. On August 21, 2026, DHS officials stopped Mr. Sanchez-Islas while he was on his way to work and took him into custody. *Id.* ¶¶ 2, 21. Upon his arrest, Mr. Sanchez-Islas received a Notice to Appear at an immigration hearing on September 1, 2026 in the Elizabeth Immigration Court. *Id.* ¶ 24. He is currently detained at the Federal Detention Center in Philadelphia. *Id.* ¶¶ 2, 22.

On August 24, 2026, Mr. Sanchez-Islas filed the instant habeas petition, seeking release on the grounds that his detention under 8 U.S.C. § 1225(b)(2)(A) violates the plain language of the Immigration and Nationality Act (INA), the Administrative Procedure Act, and his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment. In its

response to the petition, the Government confirmed it is detaining Mr. Sanchez-Islas pursuant to § 1225(b)(2)(A), which provides for mandatory detention "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." The Government maintains such detention is lawful because, as an "applicant for admission," Mr. Sanchez-Islas necessarily remains "seeking admission" until he is formally admitted or his removal proceedings conclude. Gov't's Resp. 1-2, Dkt. No. 4. The Government also asserts such detention satisfies constitutional due process requirements.

**DISCUSSION**

This case turns on a question of statutory interpretation that this Court and many others in this District have already resolved against the Government: whether a noncitizen who entered the country without inspection years ago and is later arrested in the interior remains an alien "seeking admission" within the meaning of § 1225(b)(2)(A). The Government acknowledges courts in this District have rejected its interpretation, though it continues to press that position here. *Id.* at 2.

In *Ndiaye v. Jamison*, this Court held that "§ 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens." No. 25-6007, 2025 WL 3229307, at *8 (E.D. Pa. Nov. 19, 2025). Judges in this District have consistently reached the same conclusion. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025); *Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468 (E.D. Pa. Mar. 10, 2026).

Appellate courts have now split on the issue. Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits

have agreed with the Government's position, holding that an "applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain admittance.'" *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). The First, Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Guerrero Orellana v. Moniz*, __ F.4th __, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026) (holding "noncitizens . . . who are present in the United States without admission are not subject to § 1225(b)(2)(A)'s mandatory detention provision"); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731-34 (6th Cir. 2026) (holding § 1225(b)(2)(A) does not apply to long-resident noncitizens arrested in the interior); *Cirrus Rojas v. Olson*, __ F.4th __, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026) ("join[ing] the majority of circuits that have confronted th[e] question" and rejecting the government's argument that a noncitizen who is deemed an "applicant for admission" must also be "seeking admission"); *Rodriguez Vazquez v. Bostock*, __ F.4th __, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026) (concluding "§ 1225(b)(2)(A) is limited to the border, and that [petitioner] is an 'applicant for admission' but not 'seeking admission'"); *Hernandez Alvarez v. Warden, Fed.*

*Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026) (holding § 1225(b)(2)(A) "applies only to . . . those seeking lawful entry into the United States," not "present aliens not seeking admission").[1]

None of that appellate authority binds this Court, but the decisions in *Barbosa da Cunha*, *Guerrero Orellana*, *Lopez-Campos*, *Cirrus Rojas*, *Rodriguez Vazquez*, *Santillan Quiroz*, and *Hernandez Alvarez* align with this Court's analysis in *Ndiaye* and with "the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position." *Barbosa da Cunha*, 175 F.4th at 71. This Court will adhere to its prior decisions holding that "§ 1226 applies to noncitizens like [Sanchez-Islas] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8. Mr. Sanchez-Islas's present detention did not occur at or near the border or during an ongoing inspection process. He entered the United States in 2023, lived here for over two years, and was arrested by DHS in the interior in August 2026. On these facts, his detention is governed by § 1226(a), not § 1225(b)(2)(A). Because the Government offers no basis for Mr. Sanchez-Islas's present detention other than § 1225(b)(2)(A), his current detention is unlawful.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[1] The Third Circuit has not yet addressed the issue presented in this case but heard oral argument in a pair of consolidated cases presenting the issue on May 11, 2026. *See* Gov't's Resp. 2.